IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 16-08722 (ESL) |
| NELSON EDDIE MELENDEZ VEGA<br>LISSETTE MARY RODRIGUEZ GARCIA | CHAPTER 13 |
| Debtors | |

OPINION AND ORDER

This case is before the court upon debtors' *Motion to Strike and Objection to Notice of Post-Petition Mortgage Fees, Expenses and Charges Filed by Banco Popular de Puerto Rico* (Docket No. 50); *Response to Motion to Strike and Objection to Notice of Post-Petition Mortgage Fees, Expenses and Charges* filed by Banco Popular de Puerto Rico ("BPPR") (Docket No. 51); the Debtors' *Reply to Response to Motion to Strike Docket Entry Number 51 Filed by Banco Popular de Puerto Rico* (Docket No. 55) and *BPPR's Supplemental Brief in Compliance with Order* (Docket No. 71).

The Debtors request the disallowance of $50.00 included in the *Notice of Postpetition Mortgage Fees, Expenses, and Changes* filed by BPPR on February 5, 2017, and related to the filing of a *Notice of Mortgage Payment Change* filed by BPPR on the same date. *The Notice of Mortgage Payment Change* filed by BPPR informed a payment change, effective on March 21, 2018, for an escrow account payment adjustment of -$2.80, and a total new payment of $288.00 The payment change is related to the secured mortgage included in proof of claim no. 7. The Debtors alleged initially, that the *Notice of Postpetition Mortgage Fees, Expenses, and Charges* filed by BPPR failed to comply with applicable rules and that the same was unintelligible, as it failed to include itemized information, as mandated by Rule 3002.1(c) and, therefore, the parties were unable to asses if the charges are warranted. BPPR filed its response and asserted that "the voluntary bankruptcy petition forces a creditor to inform any post-petition mortgage payment change as part of the bankruptcy procedure and in this case, through a legal representative". The

creditor further stated that the fee of $50.00 corresponds to a flat fee task, that the Notice complies with the requirements of Rule 3002.1 and Form B 10S2 and that it provides sufficient information to evaluate its validity.

The Debtors replied to BPPR's Response, expanding its basis to object the fees charged by the creditor in its *Notice of Postpetition Fees, Expenses and Charges*.  The Debtors alleged that the *Notice of Mortgage Payment Change* included information related to changes in the mortgage account resulting from interest rate and escrow account adjustments, that such notices are subject to the disclosure requirement pursuant to the Truth in Lending Act (TILA) and the Real Estate Procedures Act (RESPA), and that the 3002.1(b) notice served as a cover sheet for already required notices under the applicable laws. The Debtors further stated that federal law forbids BPPR from assessing charges for the preparation of escrow analysis and reports. The Debtors alleged that mortgage holders and/or servicers have the duty to notify borrowers, every year, any shortfall or surplus on their mortgage escrow without any additional charge.

Furthermore, the Debtors supported their arguments in In Re Carr, 468 B.R. 806 (Bankr. E.D.Va. 2012) (Denying fees charged by creditor for its response pursuant to Rule 3002.1(g)) and In Re Adams, 2012 Bankr. LEXIS 1943,  2012 WL 1570054, (Bank. E.D. NC 2012) (Determining that mortgage companies have routinely serve notices of mortgage payment change and that the creditor had failed to show that the services provided required the assistance of an attorney). The Debtors stated that the forms required to comply with Fed. R. Bnkr. P. 3002.1(b) are ordinarily prepared by clerical staff and do not require any attorney involvement. Aditionally, the Debtors alleged that the notices under Fed. R. Bnkr. P. 3002.1 do not carry the *prima facie* evidentiary benefits of Rule 3001(f), and absent evidence to support the fees, BPPR had not satisfied the burden of proof as to reasonability.

BPPR filed a supplemental brief and acknowledge that a lender or servicer has a duty under RESPA regulations to notice a mortgage payment change to the borrower, although said notice is usually performed through regular mail. However, when the Debtor is in bankruptcy, the notice becomes mandatory through Rule 3002.1 as a supplement to the proof of claim. The

Creditor asserted that the filing of a supplement to a proof of claim is not a clerical-mechanical act, considering that the failure to comply has substantial consequences for creditors and that the notices lack the *prima facie* evidentiary benefit and, therefore, are more susceptible to challenge. Aditionally, BPPR argued that the underlying agreement supports the fee and that the notices are compensable under non-bankruptcy law. BPPR requested the court to deny the Debtors' objection, to allow the Post-petition Mortgage Fees and to award attorney's fees as a result of the Debtors' "unreasonable objection".

Factual Background

The Debtors filed a voluntary chapter 13 petition on October 31, 2017 (Docket No. 1)[1]. On November 12, 2016, the Debtors filed a chapter 13 plan providing for direct current payments and the curing of arrears to BPPR (Docket No. 11). In May 17, 2017, the court confirmed the amended chapter 13 plan dated May 10, 2017.  The same provides for the direct payments and of arrears of secured claim number 7 filed by BPPR.

In February 5, 2018, BPPR filed a *Notice of Mortgage Payment Change* and, on the same date, a *Notice of Postpetition Mortgage Fees, Expenses, and Charges* requesting fees in the amount of $50.00, both pursuant to Rule 3002.1.  Both Notices were filed as supplements to proof of claim number 7 in the official form 410S1.  The notice of *Postpetition Mortgage Fees, Expenses, and Charges* was objected by the Debtors and is the subject of this order. BPPR contends that the notice complies with the requirements of Rule 3002.1.

Legal Analysis

Fed. R. Bankr. P. 3002.1 ("Rule 3002.1") became effective on December 1, 2011, and amended on December 1, 2016, and applies only to residential mortgages in chapter 13 cases. Rule 3002.1(a). The intent is to provide a procedural device for bankruptcy courts to resolve how

---

[1] The Debtors filed individual voluntary petitions on the same date, lead case no. 16-08722 and member case no. 16-08723. The Debtors requested the substantial consolidation of the cases (Docket No. 5). The court granted the Debtors' request on December 28, 2016 (Docket No. 23).

much a chapter 13 debtor owes on a residential mortgage and prevent "unexpected deficiencies" prior to the closing of the case. The rule supplements the provisions of §1322(b)(5) for the cure and maintenance of payments on a debtor's residential mortgage. 9 Collier on Bankruptcy ¶ 3002.1.02 (Alan N. Resnick & Henry J. Sommer, 16th Ed.).

A secured creditor holding a lien over the residence of a chapter 13 debtor must give notice to the debtor, debtor's counsel and the chapter 13 trustee of any post-petition change to the mortgage payment at least twenty-one (21) days before the new payment is due. Rule 3002.1(b). Any recoverable fee, charge or expense must be notified within one hundred and eighty (180) days from incurring the same and must be detailed and itemized. Rule 3002.1 (c). The notice must be in the prescribed official form and does not constitute prima facie evidence of its validity. Rule 3002.1 (d). Since there is no presumption of validity, the notice must describe the charges with particularity. The debtor must challenge any itemized fee, charge or expense within one (1) year after notice is given. Rule 3002.1(e). The chapter 13 trustee must give notice of final payment upon plan completion within thirty (30) days. Rule 3002.1(f). The secured creditor must reply to the chapter 13 trustee's notice within twenty-one (21) days and inform whether the pre-petition default was cured and whether the debtor is current on payments under § 1322(b)(5) and itemize any noncompliance. Rule 3002.1 (g). The chapter 13 trustee or the debtor must respond within twenty-one (21) days stating any disagreement with the secured creditor's itemized notice. Rule 3002.1(h). Sanctions against a secured creditor may be imposed for violation of its duties under the rule. Rule 3002.1(i).

The issue before the court is whether a secured creditor holding a lien over a chapter 13 debtor's residence may charge a fee for the preparation of the *Notice of Mortgage Payment Change* form and the filing of a *Notice of Postpetition Mortgage Fees, Expenses, and Charges*.

The court recently considered the issue in In Re Garcia Rivera, 15-07601, *Opinion and Order* at Docket No. 103. The court concluded that the filing of a Rule 3002.1 *Notice of Postpetition Mortgage Fees, Expenses, and Charges* as a supplement to a proof of claim is a business function that does not require the assistance of counsel. Should there be specific reasons

-4-

why the assistance of counsel is needed, the need must be included in the notice for there to be entitlement to a fee. The court finds that the present facts do not warrant a different determination. BPPR has not argued any particular reason why the assistance of counsel was necessary. Therefore, the fees requested by BPPR are not warranted.

Conclusion

In view of the foregoing, the court hereby grants the Debtors request and concludes that the secured creditor, under the facts and circumstances of this particular case, is not entitled to the fee in the amount of $50.00.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 21st day of February, 2019.

Enrique S. Lamoutte
United States Bankruptcy Judge